IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY R. HARVEY,

    Plaintiff,

v.                                Civil Action No. 3:16CV604

DAVID SIMON, et al.,

    Defendants.

**MEMORANDUM OPINION**

Timothy R. Harvey, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set for below, the Court will dismiss the action without prejudice for failure to state a claim for relief.

**I. STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

2

conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v.

Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

By Memorandum Order entered on March 2, 2017, the Court directed Harvey to file a particularized complaint because the rambling allegations in his original complaint failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); (Mem. Order 1, ECF No. 17.) Harvey filed a Particularized Complaint that failed to correct the deficiencies identified by the Court in its March 2, 2017 Memorandum Order. "Specifically, [in the Particularized Complaint, Harvey] indicates that he wishes to name more than one person as a defendant, but he fails to identify more than one defendant by

4

name. [Harvey] also fails to name any defendants in the body of his Particularized Complaint." (Mem. Order 1, ECF No. 19.) Accordingly, by Memorandum Order entered on April 10, 2017, the Court directed Harvey to file a second particularized complaint. The Court again explained to Harvey that his "current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests." (Id. at 2.) Harvey has filed two documents with accompanying exhibits in response to the Court's April 10, 2017 Memorandum Order.[2]

In the document he labels "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:16CV604," ("Second Particularized Complaint," ECF No. 20), Harvey provides the following statement of his claim and supporting allegations:

> While serving my sentence of 2 years and 12 months, I have suffered due to the fact of lack of care by medical staff at both institutions I've stayed, Dillwyn Correctional Center and Hampton Roads Regional Jail. I've been without my right arm brace for 2 years and 2 months, plus my right leg brace is broken. I've tried all proper procedures to accomplish my goals of getting what I need to no prevail. For this fact I'm suing both Dillwyn Correctional Center and Hampton Roads Regional Jail.
> For deliberate indifference/negligence/pain and suffering/medical malpractice Eighth Amendment violations.
> Damages in the amount of $50,000 to $100,000.

---

[2] The Court corrects the capitalization, spelling, and punctuation and omits the emphasis in quotations from Harvey's submissions. The Court employs the pagination assigned by the CM/ECF docketing system to Harvey's submissions.

5

(Id. at 1.) In the second filing entitled, "MOTION TO AMEND CIVIL ACTION," (Motion to Amend, ECF No. 21), Harvey states the following:

> Comes now the plaintiff in Civil Action No. 3:16CV604 and asks this Honorable Court to Amend my Civil Action that was file in the Clerk's office on 3, 2017 [sic]. In that Civil Action Plaintiff make[s] notice:
> 1) Dr. Kolongo MD. Medical Director at Hampton Roads Regional Jail
> 2. Ms. Oldaker Medical Practioner at Hampton Roads Regional Jail
> 3) Nurse K.O. at Hampton Roads Regional Jail
> 4) Nurse Steverson at Hampton Roads Regional Jail
> 5) Nurse Hughs at Hampton Roads Regional Jail
> 6) Nurse Rodgers at Hampton Roads Regional Jail
> 7) Nurse Jentons at Hampton Roads Regional Jail
> 8) Nurse Thornton at Hampton Roads Regional Jail
> 9) Nurse Spokepear at Hampton Roads Regional Jail
>
> "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:16cv604"
> This is a ninetieth personal in an amount sufficient to compensate me for pain, cruel and unusual punishment, and mental anguish suffered by me due to the deliberate indifference and intentional misconduct of defendants but in no event less than $300,000 together with fees and costs and such additional relief as the Court may deem just an proper.
> Again:
> 1) Delaying Treatment
> 2) Medical Needs
> 3) Denying Health Problems
> 4) Current Harm
> 5) Ignoring Medical Orders
> 6) The experience of extreme pain
> 7) Significant and Uncomfortable Health Problems
> 8) Deliberate Medical Indifference
> 9) Guarantee you certain rights and protection
> 10) Physical of mental impairment
> 11) Speech Impairment
> 12) Muscular Spasms
> 13) Qualified and disabled

6

14) Serious Medical needs denied
15) "Find that a policy of inadequate staff of medical personnel may raise a question of deliberate indifference more than negligence."

. . . .

"PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:16CV604"
Note: Previous Provider/Current NAPH CARE

1) L.T. Kabalan L. RM his is the one that said, Hampton Roads Regional Jail Emergency Grievance Form is no longer allowed in the Jail. (6.15.16).

2. Nov. 29, 2016 the Hampton Roads Regional Jail gave me a right arm brace. It [has] been 10.14.14 with my right arm brace (2 years and 2 months without my right arm brace).

3. 11-28-16, C.C.S. Correct Care Solutions/Health Care Request "Violate the Eight Amendments."

4. 12-1-17, I was shipped to Dillwyn Correction Center, Dillwyn, Va.
 The Drama keeps on . . . "Violating the Eighth Amendments."

(Motion to Amend at 1-4 (spacing added).)

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

7

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff[']s rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing Brzozowski v. Randall, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

It is not entirely clear from Harvey's terse submissions who Harvey intends to name as Defendants and who he simply includes to describe his claim. The Court assumes that anyone Harvey mentions in the documents the Court received on April 13, 2017 is a defendant. Nevertheless, Harvey fails to state a claim against the named Defendants. For the majority of the individuals named, Harvey has merely included the names of these Defendants in list format at the beginning of his Motion to Amend and he fails to allege any facts suggesting that the Defendants had any direct involvement or personal responsibility in the terse summary of the alleged wrongdoings. Instead, at most, Harvey makes a vague reference to "defendants" later in the submission and then provides a list of findings he wishes

8

the Court to make. (See ECF No. 21, at 2.) A vague reference to a group of defendants, without any specific allegation tying the individual defendants to the alleged unconstitutional conduct, fails to state a claim for relief with respect to those defendants. See Grieveson v. Anderson, 537 F.3d 763, 778 (7th Cir. 2008) (citation omitted). Accordingly, any claims against Defendants Kolongo, Oldaker, Nurse K.O., Steverson, Hughs, Rodgers, Jentons, Thornton, and Spokepear are dismissed without prejudice.

Harvey only names four Defendants in what could be considered the "body" of his complaint. In the body of the Second Particularized Complaint, Harvey indicates that he is "suing both Dillwyn Correctional Center and Hampton Roads Regional Jail for deliberate indifference/negligence/pain and suffering/medical malpractice Eighth Amendment violations." (Sec. Part. Compl. 1.) He also indicates that "medical staff" caused him to suffer. (Id.) Neither "inanimate objects such as buildings, facilities, and grounds" nor collection terms such as "staff" or "agency" are persons amenable to suit under § 1983. Lamb v. Library People Them, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); see Preval

9

v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Accordingly, Harvey's claims against "medical staff," the Dillwyn Correctional Center, and the Hampton Roads Regional Jail will be dismissed.

The fourth person Harvey names is L.T. Kabalan L RM. Harvey indicates that he "is the one that said Hampton Roads Regional Jail Emergency Grievance Form is no longer allowed at the jail. (6-5-16)." (Mot. Amend 4.) To the extent that this statement is comprehensible, Harvey fails to allege facts indicating that Defendant Kabalan violated his Eighth Amendment rights by simply telling Harvey about proper grievance forms. Thus, any claim against Defendant Kabalan will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Harvey fails to state a claim for relief against the named Defendants. Accordingly, any claim and the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Order to Harvey.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 27, 2017